**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

AUG 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIEGO RODOLFO RIVAS-ESCOBAR, | No. 17-72324 |
| Petitioner, | Agency No. A202-149-211 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2022[**]
San Francisco, California

Before: RAWLINSON, BADE, and BRESS, Circuit Judges.

Diego Rodolfo Rivas-Escobar (Rivas), a citizen of El Salvador, petitions for

review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of

an Immigration Judge (IJ) order denying his applications for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture (CAT).[1]  We review for substantial evidence and may grant relief only if the record compels a contrary conclusion.  *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021).  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.[2]

Substantial evidence supports the denial of asylum and withholding of removal.  "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'"  *Sharma*, 9 F.4th at 1059 (quoting 8 U.S.C. § 1101(a)(42)(A)).  Rivas alleges that, if returned to El Salvador, he will be persecuted because of his membership in a proposed social group consisting of Salvadoran men who have "taken concrete steps to resist and refuse recruitment by a criminal organization."  Even assuming that Rivas's proposed social group is cognizable, substantial evidence supports the BIA's conclusion that Rivas has not shown that he took any "concrete step" to resist a criminal organization, and therefore has not shown membership in his proposed social group.

---

[1] The government's motion for judicial administrative closure, Dkt. No. 44, is denied.  *See Sarkar v. Garland*, 39 F.4th 611, 617–21 (9th Cir. 2022).

[2] Before the BIA, Rivas did not challenge the IJ's denial of CAT protection, nor does he raise that claim here.  Any such claim is thus unexhausted and forfeited.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).

In addition, even if Rivas could show that he was a member of a cognizable social group, substantial evidence supports the BIA's determination that Rivas has not established the required nexus between his feared persecution and a protected ground. As the BIA recognized, Rivas's fears stem from generalized crime and violence in El Salvador, which does not establish a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

**PETITION DENIED.**